IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MITCHELL HOWARD,** | : | Civil No. 1:12-cv-1562 |
| **Plaintiff,** | : | |
| v. | : | |
| **STEPHEN CHATCAUAGE, et al.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the court is Mitchell Howard's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reasons that follow, the motion will be denied.

## I. Background

On July 16, 2013, the court received a report and recommendation from the magistrate judge in which she recommended that summary judgment be granted to the defendants for failure to exhaust administrative remedies. (Doc. 30.) By order of August 19, 2013 (Doc. 32), the court adopted the report and recommendation.[1] The court found that the prison records revealed that Howard did not complete the steps in the grievance process with respect to his claim for failure to protect, and, in fact, Howard did not dispute that he failed to file any such grievance.

In his complaint, Howard alluded to the fact that he exhausted his administrative remedies on this claim by filing through DC-ADM 801, although

---

[1] The judgment was affirmed by the Third Circuit Court of Appeals. (Doc. 44.)

the records do not reflect this. The court found that the DC-ADM 801 provides for an appeal only if the inmate is found guilty of misconduct. Claims regarding failure to protect and deliberate indifference to safety and health must be brought through the Inmate Grievance System governed by DC-ADM 804.

**II.     Discussion**

In his Rule 60(b) motion, Howard cites to *Adderly v. Harry*, Civ. No. 3:13-cv-1465 (M.D. Pa. July 27, 2017) for the proposition that DC-ADM 801 can be used to appeal a grievance. (Doc. 45, p. 3.) An examination of that case does not support Howard's interpretation. In fact, the magistrate judge recommended dismissal of Adderly's claims regarding medical treatment, excessive force, and conditions of confinement as those claims should have been grieved through DC-ADM 804. (Doc. 65, 3:13-cv-1465, p. 13.)[2] The magistrate judge refrained from determining whether Adderly's retaliation claim was properly exhausted through DC-ADM 801.

The *Adderly* case does not apply to Howard. As noted above, there is no evidence that Howard filed a complaint through DC-ADM 801. Furthermore, Howard did not have a retaliation claim and the magistrate judge affirmed that claims of conditions of confinement, medical maltreatment and excessive force

---

[2] The report and recommendation was adopted by the court by order of August 16, 2017. (Doc. 67.)

2

must be brought through DC-ADM 804 as this court held in disposing of Howard's original § 1983 claims.

The motion filed pursuant to Federal Rule of Civil Procedure 60(b) will be denied.

                                                                  s/Sylvia H. Rambo
                                                                  SYLVIA H. RAMBO
                                                                  United States District Judge

Dated: July 16, 2018